IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 2 2 2005

**MATTHEW J. DYKMAN**
**CLERK**

RYCK V. RUTHERFORD,
NATASHA A. RUTHERFORD,
CINDY HAIN,

    Plaintiffs,[1]

v.

No. CIV-05-0089 MCA/KBM

DAVID O'LEARRY,
STEVE STEAKSPHERE,
RICO CHAVERALAS,
RICHARD BENNET,
GEORGE ARGUELA,
HEATHER BAKER-FRANK, SHERIFF,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiffs' original, amended, and supplemental civil rights complaints. Plaintiff Rick Rutherford is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted, and for the reasons below, Plaintiffs' complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon

---

[1] Because the signatures of Plaintiffs Natasha Rutherford and Cindy Hain do not appear, the complaint is an unsigned document as to them. *See* Fed. R. Civ. P. 11; D.N.M.LR-Civ 10.3; *LaVenture v. Aramark Correctional Service Inc.*, No. 02-3299, 2003 WL 21978624, at **2 (10th Cir. Aug. 20, 2003) (ruling that an appellant must sign notice of appeal). Furthermore, pro se Plaintiff Ryck Rutherford may not represent the others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). The complaint contains no specific allegations as to Plaintiffs Natasha Rutherford or Cindy Hain, and the dismissal ordered below will be effective as to all Plaintiffs.

which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing this pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The civil rights complaint alleges that certain Defendants illegally stopped Rutherford, searched his car, and arrested him. Also, on two occasions, other Defendants searched Rutherford's house without a warrant or consent. Rutherford remains incarcerated, as does his minor daughter. He contends that the searches and seizures violated his constitutional rights and he is innocent of certain charges. For relief, he asks that both he and his daughter be released. Rutherford also filed a form complaint (Doc. 5) for damages under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 through -29 (Michie Repl. Pamp. 1996 and Cum. Supp. 2003), based on the same factual allegations. The tort complaint, which contains no specific request for damages, was entered on the docket as an amended complaint. Rutherford then filed a document entitled "Allegations" (Doc. 8) that was docketed as a supplemental complaint, again complaining about his arrest and incarceration.

Rutherford's original complaint seeks only an order for release from incarceration and must be construed as a habeas corpus petition.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its

2

attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, --- U.S. ---, ---, 124 S. Ct. 2117, 2122 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). And because Rutherford makes no allegation that he has pursued habeas corpus relief in state courts, his petition may not be litigated in this Court. *See Nelson*, 124 S. Ct. at 2122 (noting the "federal habeas statute, with its attendant . . . exhaustion requirements"). To the extent Rutherford seeks release from imprisonment, his complaint will be dismissed.

The preprinted title and prayer for relief in Rutherford's amended (tort) complaint indicate that he seeks damages. The amended complaint, therefore, is liberally construed as asserting state and federal claims for damages. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that pro se pleadings be liberally construed); *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (stating that a plaintiff's pro se characterization of claims is not dispositive).

Because Rutherford's allegations challenge the basis of his conviction and incarceration, his claims for damages are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court held that a convict may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. The complaint does not allege that Rutherford's conviction has been set aside, *id.* at 486-87, and his allegations thus fail to state a claim cognizable under § 1983. *Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001); *but see Fottler v. United*

3

*States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (explaining that plaintiff who overturns conviction may then bring § 1983 action). The complaint will be dismissed.

IT IS THEREFORE ORDERED that Rutherford's motions for leave to proceed in forma pauperis (Doc. 3 and 9) are GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' complaint, consisting of the original, amended, and supplemental complaint, is DISMISSED without prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE